**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**DANIEL FERGUSON, et al.,**

    **Plaintiffs,**

v.                                                                          Case No.  8:03-cv-539-T-30MSS

**BOMBARDIER SERVICES
CORPORATION, et al.,**

    **Defendants.**
_____/

## ORDER ON MOTION IN LIMINE

THIS CAUSE comes before the Court upon Defendant Duncan Aviation, Inc.'s Motion in Limine to Exclude the Testimony of Robert Schneider (**Dkt. #191**), the Plaintiffs' response thereto (Dkt. #202), and Defendant Duncan's Reply thereto (Dkt. #230).  The Court has reviewed the pleadings and heard oral argument of counsel on April 26, 2005, and determines that the Motion should be GRANTED in part and DENIED in part.

Robert Schneider will not be allowed to testify as to whether the magnetron on the subject aircraft was operating below the optimum performance level.  But if Plaintiffs otherwise get that opinion into evidence through other witnesses, Mr. Schneider will be allowed to testify how a depleted magnetron affects the visual picture on the screen.  Further, Mr. Schneider will be allowed to testify about the information that such screen would reveal.  For example, if a depleted magnetron would change the colors depicted on the screen and if the different colors would impart certain information, Mr. Schneider can opine that.  (The

Court notes that Plaintiffs' other expert, Wayne Smith, will testify that no one can know what the screens actually depicted prior to the incident in question.)  Mr. Schneider cannot give an opinion as to what the crew was thinking.

Mr. Schneider will be allowed to testify as to Rockwell's policy of repairing or replacing depleted magnetrons when received for repair.  Of course, this opinion is irrelevant without some evidence that a defendant had a duty to repair the magnetron.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Duncan Aviation, Inc.'s Motion in Limine to Exclude the Testimony of Robert Schneider (**Dkt. #191**) is GRANTED in part and DENIED in part as specified above.

**DONE** and **ORDERED** in Tampa, Florida on May 31, 2005.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2003\BOMBARDIER\MotionLimine.Dkt 191.frm