**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DANIEL FERGUSON, et al.,**

    **Plaintiffs,**

**v.**                                                       Case No.  8:03-cv-539-T-30MSS

**BOMBARDIER SERVICES**
**CORPORATION, et al.,**

    **Defendants.**
_____/

## **ORDER ON MOTION IN LIMINE**

THIS CAUSE comes before the Court upon **Defendants' Motion in Limine to Strike the Speculative Testimony of Wayne Smith (Dkt. #192)**, and Plaintiffs' response thereto (Dkt. #201).  The Court having reviewed the pleadings and hearing oral argument on April 26, 2005, determines that the Motion should be GRANTED in part and DENIED in part.

Plaintiffs have tendered Wayne Smith as an expert to render the following opinions: (1) there was a jam in the elevator servo mount of the APS 65, i.e. Rockwell's auto-pilot system; (2) the APS 65 was designed without an annunciator (i.e., light or sound) to notify the pilots when it goes into torque limiting mode, i.e. when it essentially turns itself off; and (3) the weather radar system was not accurately depicting the weather in the aircraft's flight path because the magnetron was depleted.

As to the first opinion, Mr. Smith is basing his opinion on the flight data recorder information and the opinion is within his area of expertise. Therefore, Defendants' Motion in Limine is DENIED as to this opinion.

As to the second opinion, that the APS 65 was designed without an annunciator, it is not an opinion, but a fact. And, it is an admitted fact. The issue is whether or not the lack of an annunciator is a "defect." Mr. Smith has no opinion in that regard. He was relying on his understanding that federal regulations require an auto-pilot to alert the crew when it disengages its control of the aircraft. Defendants claim there is no such regulation. Defendant's Motion in Limine is GRANTED as to this issue unless Plaintiffs can identify prior to trial the regulation that requires an annunciator.

As to Mr. Smith's third opinion, that the weather radar system was not accurately depicting the weather in the aircraft's flight path because the magnetron was depleted, Mr. Smith relies on evidence from other sources that the magnetron on the subject aircraft was depleted so that it was producing only twenty (20%) percent of its rated power. Assuming that Plaintiffs get into evidence this opinion as to the depletion of the magnetron prior to offering Mr. Smith's opinion in this regard, the opinion will be allowed. His education and experience allow him to testify as to the effect of a depleted magnetron on the visual depiction of the weather radar. Mr. Smith apparently acknowledges that neither he nor anyone else can tell what the radar was actually showing immediately prior to the events leading to this accident.

It is therefore ORDERED AND ADJUDGED that:

1.	Defendants' Motion in Limine to Strike the Speculative Testimony of Wayne Smith (Dkt. #192) is GRANTED in part and DENIED in part as stated herein.

**DONE** and **ORDERED** in Tampa, Florida on May 31, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2003\BOMBARDIER\LimineMotion.Dkt 192.frm