**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
Consolidated under Case No. 8:03-cv-539-T-31DAB
Case No. 8:03-cv-544-T-31DAB

|  | Pre-Consolidated Case Nos.: |
|---|---|
| DANIEL FERGUSON, as Personal Representative of the Estate of JAMES PATRICK FERGUSON, Deceased, and ANN MARENETTE, his mother. | 8:03-cv-539-T-30MSS<br>8:03-cv-1396-T-30TGW |
| BEVERLY A. RICHARDSON[1], as Personal Representative of the Estate of EDWIN B. RICHARDSON, Deceased and on behalf of MATTHEW C. RICHARDSON and THOMAS A. RICHARDSON, Children of EDWIN B. RICHARDSON, Deceased. | **8:03-cv-544-T-30MSS**<br>8:03-cv-1391-T-30MAP |
| BONNIE BENINATI, as Personal Representative of the Estate of JAMES BENINATI, Deceased and as Guardian of JULIE BENINATI, a Minor, AMY BENINATI, a Minor, JARED BENINATI, a Minor, and KENAN BENINATI, a Minor. | 8:03-cv-541-T-30TGW<br>8:03-cv-1380-T-30MSS |
| TINA BRIDGES, as Personal Representative of the Estate of ANDREW H. BRIDGES and as Guardian of ERICA BRIDGES, a Minor and MADISON BRIDGES, a Minor and JANET ELIZABETH KARISTINOS, his Mother. | 8:03-cv-561-T-30EAJ<br>8:03-cv-1383-T-30TGW |
| JANEAN BREUSS, as Personal Representative of the Estate of ERNEST BLAWAS, Deceased, and CHRISTINA BROWN, surviving daughter of ERNEST BLAWAS, Deceased. | 8:03-cv-552-T-30TGW<br>8:03-cv-1385-T-30TGW |
| JAMIE PITTMAN, as Personal Representative of the Estate of PAUL E. CRAMER, and as Guardian of BENJAMIN ENNO CRAMER, a Minor, SARAH JEAN CRAMER, a Minor and ISAAC NATHANIEL CRAMER, a Minor. | 8:03-cv-550-T-30TGW<br>8:03-cv-1393-T-30TM |
| ELIZABETH ANN MANSKE, as Personal Representative of the Estate of MICHAEL E. EAST, Deceased, and as | 8:03-cv-557-T-30TBM<br>8:03-cv-1386-T-30EAJ |

---

[1] The Richardson Case No. 8:03-cv-544-T-30MSS was selected as a representative damages case from the 13 active Plaintiffs which were all consolidated and tried as to liability under the Ferguson style, Case No. 8:03-cv-539-T-30MSS.

| | |
|---|---|
| Guardian of SAVANNAH MANSKE-EAST, a Minor and on behalf of ELIZABETH ANN SMITH, a Minor. | |
| CAROL ELKIN, as Personal Representative of the Estate of RONALD ELKIN, Deceased, and on behalf of his Survivors RONALD ELKIN, JR. and DONNA ELKIN, children of RONALD ELKIN, Deceased. | 8:03-cv-551-T-30EAJ<br>8:03-cv-1392-T-30TBM |
| MARTHA BARTELS, as Personal Representative of the Estate of MATHREW E. KIDD, Decease and DONALD EARL KIDD, Intervenor. | 8:03-cv-554-T-30TGW<br>8:03-cv-1387-T-30TBM |
| ROXANNE LANE, as Personal Representative of the Estate of MICHAEL LANE, Deceased. | 8:03-cv-555-T-30MAP<br>8:03-cv-1394-T-30TBM |
| LUCINDA SHELBY, as Personal Representative of the Estate of DEAN J. SHELBY, Deceased, and as Guardian of AMANDA SHELBY, a Minor, and on behalf of ZACHARY SHELBY, son of DEAN J. SHELBY, Deceased. | 8:03-cv-556-T-24MAP<br>8:03-cv-1395-T-30MSS |
| KATHERYN SKURUPEY, as Personal Representative of the Estate of GREGORY SKURUPEY, Deceased, and as Guardian of LOGAN SKURUPEY, a Minor, and SHERIDAN SKURUPEY, a Minor, the surviving children of GREGORY SKURUPEY, Deceased. | 8:03-cv-542-T-30TBM<br>8:03-cv-1390-T-30EAJ |
| ELLEN SUMMERELL, as Personal Representative of the Estate of RICHARD SUMMERELL, Deceased, and on behalf of DANIEL PATRICK SUMMERELL, MARY ELIZABETH SUMMERELL, JENNIFER LYNN MENTA SUMMERELL, and MATTHEW MARK SUMMERELL, surviving children of RICHARD SUMMERELL, Deceased. | 8:03-cv-559-T-30TGW<br>803-cv-1384-T-30MSS |

       Plaintiffs,
vs.

BOMBARDIER SERVICES CORPORATION;
and SHORT BROTHERS PLC,

       Defendants.
_____/

## **REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' OBJECTION TO BOMBARDIER DEFENDANTS' BILL OF COSTS AND OPPOSITION TO BOMBARDIER DEFENDANTS' MOTION FOR RECONSIDERATION RE TAXATION OF COSTS (Doc. No. 564)**
> **FILED:** **June 30, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the objection be granted in part and denied in part.
>
> **MOTION:** **PLAINTIFFS' OBJECTION TO DEFENDANT ROCKWELL COLLINS INC.'S BILL OF COSTS AND OPPOSITION TO ROCKWELL COLLINS INC.'S MOTION FOR RECONSIDERATION RE TAXATION OF COSTS (Doc. No. 565)**
> **FILED:** **June 30, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the objection be granted in part and denied in part.

Plaintiffs sued Defendants in 2003 for claims arising from an aircraft accident near Unadilla, Georgia on March 3, 2001 on a flight operated by the Florida Army National Guard. Doc. No. 1. The aircraft was to be used for a passenger transport mission to take eighteen Virginia Air National Guard personnel from Hurlburt air Force Base, Florida to Oceana Naval Air Station, Virginia; the crash killed all crew members and passengers on board. Doc. No. 9.

One case[2] was selected as representative of the thirteen active cases and tried by District Judge Presnell from July 13, 2005 to August 2, 2005, resulting in a Rule 50 judgment as a matter of law for Rockwell Collins, Inc. (Doc. No. 427, 428) and, subsequently, a jury verdict for the Bombardier Defendants. Doc. No. 472. The remaining consolidated cases were subsequently dismissed against the Defendants. Entitlement to costs was determined in the previously entered amended judgments of August 26, 2005 (Doc. Nos. 496, 497).

**Procedural History Concerning Bill of Costs**

On August 29 and 30, 2005, Defendants filed motions for taxation of costs (Doc. Nos. 499, 501), which the Court denied without prejudice and allowed Defendants to re-file their petitions as bills of costs, subject to review by motion of the opposing party. *See* Fed. R. Civ. P. 54(d)(1). Defendants were granted seven days to re-file proper bills of costs. Doc. Nos. 500, 507.

On August 31, 2005, Rockwell Collins filed a Bill of Costs seeking $51,896 be taxed. Doc. No. 504. On August 31, 2005, the Bombardier Defendants filed a Bill of Costs seeking $157,082 be taxed. Doc. No. 505. On September 2 and 6, 2005, Rockwell Collins filed supplemental documentation of its Bill of Costs. Doc. No. 508, 510. On December 6, 2005, District Judge Presnell denied without prejudice Defendants' Motion to Tax Costs[3] because the bills were not adequately supported and Judge Presnell could "not discern whether the costs sought to be taxed are consistent

---

[2]Case No. 8:03-cv-544-T-30MSS was selected as a representative damages case from the 13 active Plaintiffs which were all consolidated and tried as to liability under the Ferguson style, Case No. 8:03-cv-539-T-30MSS.

[3]Both sets of Defendants, Bombardier and Rockwell Collins, confusingly filed identical bills of costs in both cases. *See* Consolidated Lead Case No. 8:03cv539-T-31MSS – Doc. Nos. 553, 554 *and* Case No. 8:03cv544-T-31MSS – Doc. No. 151, 152. Plaintiffs did not file a motion for a review of costs or opposing taxation because the bills were never taxed by the Clerk as required under Rule 54(d). Judge Presnell subsequently denied the Bombardier Defendants' Bill of Costs, treating it as a motion, and entered the same order in the Consolidated Lead Case No. 8:03cv539-T-31MSS–Doc. No. 542; *See also* Case No. 8:03cv544-T-31MSS–Doc. No. 125.

with 28 U.S.C. section 1920" citing *E.E.O.C. v. W & O, Inc.,* 213 F.3d 600 (11th Cir. 2000). Doc. No. 542.

The Defendants moved for reconsideration of the denials (Doc. Nos. 547, 548), which Plaintiffs opposed as untimely and without adequate support. Doc. Nos. 550, 551. Judge Presnell referred the matter to the undersigned, and on January 13, 2006, this Court granted in part the respective Defendants' Motions for Reconsideration to the extent their Motions sought permission to file amended bills of costs under the procedure as set forth in Rule 54(d)(1). The Court also ordered Defendants to file bills of costs indicating which Plaintiffs the costs were sought against and in what capacity. The Clerk's Office (Orlando Division) was directed to tax costs on one day's notice. Plaintiffs were ordered to file any motion to review the bills of costs within five days of the costs being taxed and Defendants were allowed ten days in which to respond to any motions to review.

Rockwell Collins filed its Amended Bill of Costs on January 24, 2006, seeking $48,252. Doc. No. 554-2. The Bombardier Defendants filed their Amended Bill of Costs on January 23, 2006, seeking $141,418. Doc. No. 553-2. Unfortunately, because the case retains its original Tampa Division case number and no Orlando Division number was assigned when it was transferred to Orlando, the Orlando Division Clerk's office was unaware of the filings and did not tax either bill of costs. *See* Doc. No. 561. On June 23, 2006, Judge Presnell *sua sponte* ordered the Orlando Division Clerk to tax costs. Doc. No. 561. On June 30, 2006, Plaintiffs filed their Motions for Review of Taxation of the respective Bills of Costs. *See* Doc. Nos. 564-66; Fed.R.Civ.P. 54(d). Rockwell Collins filed its Reply to Plaintiff's Objection on July 17, 2006. Doc. No. 566. The Bombardier Defendants did not file a reply until ordered to do so by the Court; their Response to Plaintiffs' Motion to Review Taxation was filed on October 25, 2006. The matter is now ripe for resolution.

## ANALYSIS

Plaintiffs contends that the Defendants' bills of costs should be disallowed because they seek reimbursement of expenses that are not taxable as litigation costs or recoverable under 28 U.S.C. § 1920. Defendants contend that they are entitled to the costs set forth in their bills as necessarily incurred, and the costs should be divided evenly among the thirteen Plaintiffs.

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed.R.Civ.P. 54(d)(1). Congress has delineated which costs are recoverable under Federal Rule of Civil Procedure 54(d)[4]. *See* 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987). When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party. *See Desisto College, Inc. v. Howey-in-the-Hills,* 718 F.Supp. 906, 910 n. 1 (M.D. Fla. 1989), *not followed on other grounds by EEOC v. W & O, Inc.,* 213 F.3d 600 (11th Cir. 2000). The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *See Crawford,* 482 U.S. at 440-44. The Court may not tax as costs any items not included in 28 U.S.C. § 1920. *Id*. at 440-44; *see also Morrison v. Reichhold Chemicals, Inc.,* 97 F.3d 460 (11th Cir. 1996). Pursuant to 28 U.S.C. § 1920, a prevailing party is entitled to recover fees of the clerk or for docketing; fees of the court reporter for transcripts necessarily obtained for use in the case; and fees for printing, copies, and witnesses. 28 U.S.C. §

---

[4]Fed.R.Civ.P. 54(d)(1) provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

1920. The Bombardier Defendants claimed $141,418. Doc. No. 553-2. Rockwell Collins claimed $48,252. Doc. No. 554-2.

## COURT REPORTER FEES

The Bombardier Defendants claim $12,450.62 for transcripts from the court reporter; Rockwell Collins claims $17,998.54 for court reporter charges for depositions. Plaintiffs raise several objections to the fees charged. Rockwell Collins filed a Reply to Plaintiffs' Motion arguing in very general terms that it is entitled to recover the categories of expenses claimed in its Bill. Doc. No. 566. Although they sought to tax costs of more than $140,000 and represented by different counsel, the Bombardier Defendants filed a virtually identical, unhelpful, and vague six-page Reply brief. Doc. No. 570.

Section 1920(2) authorizes the taxation of costs for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *EEOC v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000); *see Maris Distributing Co. v. Anheuser-Busch, Inc.,* 302 F.3d 1207, 1225 (11th Cir. 2002). Even though § 1920(2) does not specifically use the word "deposition," deposition transcript costs (like costs for other transcripts) are taxable only if the deposition was "necessarily obtained" for use in the case. *EEOC,* 213 F.3d at 621. District courts have great latitude in determining whether a deposition was "necessarily obtained" for use in the case. *Newman v. A.E. Staley Mfg. Co.,* 648 F.2d 330, 337 (5th Cir. Unit B June 1981). Deposition costs of witnesses on a losing party's witness list are generally considered taxable. *Maris Distributing,* 302 F.3d at 1225. In addition, deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success, unless the losing party demonstrates that the deposition was not related to an issue present in the case at the time of the deposition. *EEOC,* 213

F.3d at 621. The costs of a video deposition may be taxed under section 1920(2) if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party to the method of recording pursuant to Federal Rule of Civil Procedure 26(c). *See Morrison v. Reichhold Chems. Inc.,* 97 F.3d 460, 464-65 (11th Cir. 1996). However, for such costs to be taxable, the prevailing party must explain why it was necessary to obtain a copy of both videotaped and transcribed depositions for use in the case. *Id.*  In this case, according to the Bombardier Defendants' supporting schedules (Doc. No. 553-4) most of the witnesses were listed on the Plaintiffs' witness list, Defendants' witness lists or were fact witnesses. Doc. No. 553-4. This is consistent with Rockwell Collins' supporting schedules (Doc. No. 554-3). Plaintiffs have not specifically opposed taxing the cost of any of these transcripts aside from the transcript costs of Pamela McGill, who was a damages witness for one of the crew, Bobby Ward, who died in the crash and whose personal representative settled with Defendants prior to summary judgment in February 2004. McGill's transcript does not appear to be on the Bombardier Defendants' final list of costs (Doc. No. 553-4 at 5-7), but it is on Rockwell Collins' list and will be deducted (Doc. No. 554-3 at 3). In addition, according to the Bombardier Defendants' supporting schedule, two of the deponents were not on any witness list: Greg Smith, and "Drela," and no invoice was submitted for "Hammer" or "Hermaiden," thus these depositions will be deducted from both bills.

The Bombardier Defendants have failed to exercise any discretion in submitting their costs for the approximately fifty depositions sought to be taxed. Many of the invoices submitted in support of their Bill of Costs (Doc. Nos. 553-7 & 553-8) include the costs for video *and* stenographic depositions. Defendants fail to argue why they are entitled to be reimbursed for the costs of *both*

types of records; nor do they explain why both types were necessary to prepare for trial. Therefore, these duplicative video costs totaling $6,805.72 will be denied. *See* 553-4 (summary table).

Attendance fees of the court reporter or per diem, processing and handling, and delivery fees are part of the court reporter's fee and are taxable. However, imbedded in the deposition transcript fees are fees for converting the videos to digital, expedited or condensed transcripts, and copies, all of which are not reimbursable under § 1920. Compressed or min-u-script copies of transcripts are convenient for counsel, but not properly charged to one's adversary. Because the charges for expedited or min-u-script transcripts of certain witnesses are not set forth in the bill, the Court makes a deduction of one-third of the overall cost based on a review of the invoices and an educated guess at the portion of the cost attributable to the disallowed expenses. The final allowable taxable amount for depositions for Rockwell Collins is **$10,564**, after subtracting $1,874 for disallowed and/or video depositions and one-third of the remaining amount for disallowed expedited, min-u-script, or overnight delivery charges.

The Court also deducts an additional one-third portion from the Bombardier Defendants because they have sought reimbursement for the *full cost* of the transcripts *even though Rockwell Collins clearly paid one-third of the costs. Compare* Doc. No. 555-3 (correspondence to Rockwell Collins' counsel for their one-third share of the total transcript costs) with Doc. No. 553-4 at 5-7 (listing as "transcript cost" without deduction for the amount paid by Rockwell Collins (or possibly other settling defendants)). The final taxable amount for depositions of the Bombardier Defendants is **$15,123** (44% of $34,029 for stenographic deposition transcripts).

Movants seeking to tax the cost of pretrial hearing transcripts must show that the pretrial hearings for which transcript costs are sought limited and clarified issues which were to be heard at

a lengthy trial and were of a magnitude that a transcript was needed to determine how the trial would proceed. *See Reed-Union v. Turtle Wax, Inc,* No. 91-C-5625, 1995 WL 138986, \*3 (N.D. Ill. Mar. 24, 1995) (denying costs for pre-trial hearing transcripts where, after objection, the prevailing party failed to show that the hearings limited and clarified trial issues); *cf. Independent Iron Works, Inc. v. United States Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 2003) (transcript of pretrial and trial reasonably necessary where case was unusually involved and complex, even for an antitrust case, and covered a variety of matters). Defendants have not explained why the transcripts of pretrial hearings were reasonably necessary in their preparation for trial, other than to argue generally they "were essential for defendant to maintain an accurate record of the Court's rulings on evidentiary issues, motions, and discovery matters." Doc. No. 556 at 3; Doc. No. 570 at 5. Defendants also contend generally that courts allow recovery of the costs of trial transcripts where they were reasonably necessary on the basis of the length of a trial and complexity of the issues involved, but make no specific argument to support application of that principal to their case. *Id*. Therefore, the transcript costs for hearing and trial (1) filed by the Bombardier Defendants of $12,450 and (2) by Rockwell Collins of $5,298 will be **DISALLOWED**.

## WITNESS FEES

Taxation of witness fees is proper pursuant to § 1920(3). The amount, however, is limited by Title 28 U.S.C. § 1821(b), which provides that a witness shall be paid an attendance fee of $40.00 per day for each day's attendance. A witness is also entitled to the actual expenses of travel by common carrier at the most economical rate reasonably available. 42 U.S.C. § 1821(c)(1). In addition, a witness is entitled to a subsistence allowance in an amount not to exceed the per diem allowance for federal employees when the witness is required to stay overnight; per diem for Orlando at the time

of trial was $49 per day. 42 U.S.C. § 1821(d)(1)-(2).  With respect to taxation of costs, "expert" witnesses are treated virtually the same as non-expert witness.  *See Cronin v. Washington Nat'l Ins, Co.,* 980 F.2d 663 (11 th Cir. 1993).

Rockwell Collins seeks the taxation of costs of $7,635 for two witnesses: David Yeoman, $4,506[5] for 15 days "in attendance" and Darwin Poock, $3,129[6] for 8 days "in attendance.  Doc. No. 554-2.  As Plaintiffs point out, despite the fact that Rockwell Collins filed 20 separate multi-page documents (ranging from 5 to 25 pages a piece) in support of its Bill of Costs, it failed to submit any receipts whatsoever[7] in support of its witnesses' expenses.  Neither Mr. Yeoman nor Mr. Poock testified at trial, based on the minutes of the trial and Rockwell Collins was granted judgment as a matter of law on the ninth day of trial.  *See* Doc. No. 427.  These witnesses are not even entitled to an attendance fee because Rockwell Collins has failed to provide any evidence of when they were scheduled to testify.  Moreover, Rockwell Collins has not submitted any receipts for common carrier travel, hotel, parking, or taxi, although required by the statute, 28 U.S.C. § 1821(c)(1)-(3), (d), and these costs are not properly taxed against Plaintiffs.  *See, e.g., In re Schwinn Bicycle Co.,* 210 B.R. 764, 771 (N.D. Ill. 1997) (reimbursement for witness's airfare denied where ticket stub from air carrier was not submitted in support).

The Bombardier Defendants' are entitled to $40 per day for their witnesses' attendance at trial (with an extra day sought for travel), for a total of $1,360, as well as $637 for per diem for subsistence

---

[5] Mr. Yeoman's costs are comprised of airfare of $2,676, mileage of $20; ticket change fee of $200; airport parking of $55; taxi charges of $86 and hotel of $1,469 for a total of $4,506.  Doc. No. 554-3 at 5.

[6] Mr. Poock's costs are comprised of airfare of $2,071; mileage of $22; "fee" of $10; airport parking of $45; taxi of $89; and hotel of $892, for a total of $3,129.  Doc. No. 554-3 at 5.

[7] Several pages for Rockwell Collins supporting schedules are illegible, but do not appear to be receipts for witness-related costs.  *See, e.g.*, Doc. No. 556-2 & 556-3.  In addition, the supporting receipts were thrown together and not categorized in any particular way, deposition receipts mixed with attorney travel expenses, etc.

for 13 total days of their attendance, for total witness expenses of **$1,997**. The Bombardier Defendants have only submitted receipts from travel agents/vendors for the airfare of two of its witnesses, Edmund LaFantasie from Rhode Island ($345) and Donald Donohoo from Alabama ($1,258). While Mr. LaFantasie's $345 airfare from Rhode Island appears reasonable, there is no evidence that Mr. Donohoo's $1,258 airfare from the Alabama (a border state to Florida) was "by a common carrier at the most economical rate reasonable available" as required under the statute and it will be reduced to $350, for total allowable witness airfare of **$695**. *See* 28 U.S.C. § 1821(c)(1). The Bombardier Defendants have not submitted any other receipts from vendors for common carrier travel, hotel, parking, or taxi, and the remainder of their witnesses' travel costs are not properly taxed against Plaintiffs.

## FEES FOR EXEMPLIFICATION AND COPIES

Plaintiffs object to taxing as costs Defendants' expenses of copying for which receipts have not been properly filed. The Bombardier Defendants charged $29,195 for this category and Rockwell Collins charged $1,627. Doc. No. 563 & 564. Defendants make little effort to explain all of the charges, short of conclusory statements that Defendants are entitled to recover costs for copies of documents necessarily used for the case. This is not enough to sustain the award.

> The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. *Corsair Asset Management, Inc. v. Moskovitz,* 142 F.R.D. 347, 353 (N.D. Ga. 1992); *Desisto College,* 718 F.Supp. at 914. A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made. *Corsair Asset Management, Inc.,* 142 F.R.D. at 353.

*Helms v. Wal-Mart Stores, Inc.,* 808 F.Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd,* 998 F.2d 1023 (11th Cir. 1993).  The Court agrees with Plaintiffs that the award should be modified to reflect only those charges reasonably identified.

The Court finds reimbursable only those Rockwell Collins' expenses supported by receipts for copying costs at reasonable rates of ten to fifteen cents per page; taxable copy costs are for the CIB report and repair manual for Plaintiffs' counsel, as well as a handful of trial exhibits, totaling **$541**; "DVD Reproductions" are not properly charged to Plaintiffs, nor are copies of checks paid to copy service companies without explanation of the underlying charges sufficient to show they were "necessarily obtained for use in the case."  *See* Doc. No. 555-2.

The Bombardier Defendants seek $7,458 for enlarged "exhibit boards"; $11,264 for trial exhibits and trial exhibit books; $3,732 for exhibits to their summary judgment motion; and $6,738 for discovery documents without any elaboration in Mr. Sprague's affidavit or their Response to Plaintiffs' Objections as to how many copies (or sets of copies) were made or why they were "necessarily obtained for use in the case."  Doc. No. 553-4.  One receipt indicates a total of 66,579 copies were made; others indicate 48,425 and 21,857 pages, or more than 136,000 total pages were copied on just three receipts.  Doc. No. 553-5 at 10-11.

The Court finds that the enlargements were not necessary (as opposed to convenient) and therefore, the charges for trial exhibits is **DISALLOWED**.  The Court also agrees with Plaintiff that it should not be taxed with the cost of multiple copies or unreasonable rates for discovery production or trial exhibits.  While it may be appropriate for Defendants to make the copies for its various counsel and representatives, it is not appropriate to tax the costs of extra copies[8] or at a "color copy"

---

[8]Based on the copy expenses chart submitted in support, Defendants spent almost $4,000 to copy approximately 6,200 pages (for those pages identified as "SDI ###" in the chart) at a cost of roughly 65 cents per page.  *See* Doc. No. 553-4.

-13-

rate when black and white copies (at eight cents per page), will suffice and these extra copies were not necessary from the standpoint of presenting the case to the Court.   Based on review of the file and the number of exhibits needed to be copied, the Court allows **$3,000.00** for copying charges.

### OTHER COSTS: ATTORNEY TRAVEL TO DEPOSITIONS

Plaintiffs object to the Defendants being reimbursed for travel expenses of their own attorneys for travel to depositions; they argue that if such costs are to be recovered at all, it must be through a motion for attorneys fees, which Defendants have not filed.  The Bombardier Defendants claimed a total of $24,674 for attorney travel to Ireland[9] and Italy in "Other Costs" on their bill of costs.  Doc. No. 553-2 at 5; 553-4 at 8.  Rockwell Collins claimed $15,693 for attorney travel expenses for various depositions.  Doc. No. 554-3; Doc. No. 553-9.

The Defendants rather generally contend that they should be permitted to tax their costs for attorney travel because of "the complexity of the case, the large number of witnesses, and travel for depositions far from the forum could not be avoided."  Doc. No. 566 at 3.   Unfortunately for Defendants, of the two cases they cite, *Kaiser Industries Corp.*, 50 F.R.D. 5, 12 (E.D. Mich. 1970) and *Haviland & Co. v. Montgomery Ward*, 31 F.R.D. 578, 580 (S.D.N.Y. 1962), neither stand for the proposition that attorney travel is reimbursable as a taxable cost.  The trial court in *Kaiser Industries* found the exact opposite, *i.e.*, based on a survey of federal case law, that attorney's traveling expenses are not costs normally recoverable absent extraordinary and compelling circumstances such as fraud, bad faith, vexatiousness or oppressiveness, and thus declined to tax costs for attorney travel.  50 F.R.D. at 12.  In the inapposite case of *Haviland*, the trial court ordered *during the discovery phase*

---

[9]It is unclear if the Bombardier Defendants seek to tax costs for what appears to be an unrelated flight to Paris, France for "R. Sprague" (for the exorbitant sum of $8,405 & $2,045) and D. Sprague ($105 & $2,045).  Doc. No. 553-9.  It is also unclear why hotel bills for Florence or Rome were submitted in support of the trip to Italy, since the deposition was held in Venice.

-14-

that the plaintiff-corporation opposing deposition of its high-level elderly corporate officer be produced in America where plaintiff chose to file suit, or alternatively pay the cost of first-class airfare for opposing counsel to travel to the deponent's residence of France. 31 F.R.D. at 580. In this case, the deposition in Venice, Italy was set by Short Brothers. Doc. No. 553-9 at 13-14. There is no provision in the statute, 28 U.S.C. § 1920, for taxing attorney travel costs to the opposing party, nor do the Defendants cite any apposite authority for doing so, and these costs are **DISALLOWED**.

### APPORTIONING THE COST AWARD AMONG PLAINTIFFS

Without much elaboration, both Defendants seek to divide the costs among the Plaintiffs in the thirteen active cases. Doc. Nos. 554 ¶8; 553-4. The general rule is that a district court, in exercising its equitable discretion, may apportion costs between the prevailing and non-prevailing parties as it sees fit. *In re Paoli R.R. Yard PCB Litigation,* 221 F.3d 449, 469 (3rd Cir. 2000); 10 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 2668, at 243 & n. 31 (collecting cases). The power to apportion between parties also includes the power to divide costs among the losing and winning parties in a case involving multiple defendants and plaintiffs whose cases were consolidated for efficiency's sake by an order of the district Court. *Paoli*, 221 F.3d at 469. "In dividing costs among multiple parties on one side of the bar-either prevailing or non-prevailing-the court may choose to impose costs jointly and severally or to disaggregate costs and to impose them individually." *Id.*; *Southern Agency Co. v. LaSalle Cas. Co.,* 393 F.2d 907, 915 & n. 7 (8th Cir. 1968) (holding that the district court did not abuse its discretion in apportioning costs between the two losing parties even though one of the losing parties was insolvent and the prevailing party would therefore bear one of the losing parties' costs.

Case No. 8:03-cv-544-T-30MSS was selected as a representative damages case from the thirteen active Plaintiffs, which were consolidated and tried as to liability under the *Ferguson* case style, Case No. 8:03-cv-539-T-30MSS, resulting in judgments for both Defendants. Plaintiffs do not oppose the division of the taxation among the thirteen Plaintiffs in the consolidated cases. The Court finds the apportionment to be appropriate.

## CONCLUSION

As set forth above, it is respectfully **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part as follows:

|  | Copies | Witness | Depos. | Hear. Trans. | Other Costs | Totals | Per Plaint. |
|---|---|---|---|---|---|---|---|
| Rockwell Collins Proposed | 1,627 | 7,635 | 17,999 | 5,298 | 15,693 | 48,252 | 3,712 |
| **Rockwell Collins Allowed** | **541** | **0** | **10,564** | **0** | **0** | **11,105** | **854** |
| Bombardier Def. Proposed | 29,195 | 34,262 | 40,834 | 12,451 | 24,676 | 141,418 | 10,878 |
| **Bombardier Def. Allowed** | **3,000** | **2,692** | **15,123** | **0** | **0** | **20,815** | **1,061** |

It is respectfully **RECOMMENDED** that the Orlando Division Clerk's Office be directed to modify the award as set forth herein to reflect **a total cost award to Rockwell Collins of $11,105 and to the Bombardier Defendants of $20,815, with the amounts to be apportioned among the thirteen active Plaintiffs, of $854 and $1,061 respectively**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 30, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record